UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHRIS EBERHARDT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | Case No. 5:24-cv-03183-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |
|---|---|

　　　　After an uninsured driver operating a rented U-Haul truck damaged plaintiff Chris Eberhardt's property, Eberhardt filed this putative class action against defendant U-Haul International, Inc., alleging that U-Haul allows and encourages uninsured drivers to rent its vehicles in violation of California law. U-Haul moves to dismiss Eberhardt's complaint for failure to state a claim. For the following reasons, the Court grants U-Haul's motion with leave to amend.

## BACKGROUND

　　　　On March 23, 2023, Anthony Leso lost control of the rented U-Haul truck that he was driving and crashed into Eberhardt's property in Santa Cruz County, California. Dkt. No. 1-2, at 8.[1] Eberhardt suffered approximately $100,000 in property damage to his fence and gazebo and to the walls of his home. *Id.* Leso was allegedly uninsured when he crashed the truck into Eberhardt's property. Dkt. No. 1-2, at 8. Eberhardt asserts that Leso rented the truck from U-Haul, while U-Haul contends that Leso was an unauthorized driver. *Compare id. with* Dkt. No. 16, at 4 n.2.

　　　　On April 23, 2024, Eberhardt commenced this action in Santa Cruz Superior Court. He brought suit on behalf of a purported class of all California citizens damaged by uninsured drivers

---

[1] For the purposes of U-Haul's Rule 12(b)(6) motion, the Court assumes the truth of the allegations in Eberhardt's complaint.

1  of U-Haul vehicles. Eberhardt asserted two causes of action: (1) unfair competition in violation of
2  California's Unfair Competition Law (UCL) and (2) negligence.
3        U-Haul removed the action to federal court on May 28, 2024.

### LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### ANALYSIS

**I.**    **Eberhardt fails to state a claim under the UCL.**

California Business and Professions Code section 17200 prohibits unfair competition, which "include[s] any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Pros. Code § 17200. The scope of the UCL is "sweeping." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). It covers "anti-competitive business practices as

2

well as injuries to consumers, and has as a major purpose the preservation of fair business competition." *Id.* Nevertheless, where legislation clearly provides a safe harbor or bars an action, plaintiffs "may not plead around [that bar] by recasting the cause of action as one for unfair competition." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1303 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016) (cleaned up).

Each "prong" of the UCL provides a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007); *see also Cel-Tech*, 20 Cal. 4th at 180 (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996)) ("Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."). Eberhardt alleges that U-Haul's practices with respect to uninsured renters of its vehicles constitute both "unlawful" and "unfair" practices prohibited by the UCL.

### A.     Eberhardt fails to plead an "unlawful" practice.

"The unlawful prong of the UCL borrows violations of other laws and treats them as unlawful practices, which the UCL then makes independently actionable." *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1050 (N.D. Cal. 2014) (cleaned up). Thus, to "state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Prakashpalan v. Engstrom, Lipscomb &Lack*, 223 Cal. App. 4th 1105, 1133 (2014).

Eberhardt's theory that U-Haul's conduct amounted to an "unlawful" practice under the UCL is premised on U-Haul's alleged violation of California Vehicle Code § 16020(a). That section provides that "[a]ll drivers and all owners of a motor vehicle shall at all times be able to establish financial responsibility pursuant to Section 16021, and shall at all times carry in the vehicle evidence of the form of financial responsibility in effect for the vehicle." Cal. Vehicle Code § 16020(a). The Code identifies several ways financial responsibility may be established, including insurance, self-insurance, or deposit of cash with the Department of Motor Vehicles. Cal. Vehicle Code § 16021.

1    Eberhardt contends that U-Haul, the owner of the truck that Leso was driving when he
2    damaged Eberhardt's property, violated Section 16020(a) both by failing to ensure Leso had
3    insurance and by actively advertising to uninsured drivers. The problem with Eberhardt's theory is
4    that nothing in Section 16020(a) expressly imposes a duty on rental car companies to ensure that
5    the drivers of their vehicles have insurance or otherwise comply with the financial responsibility
6    requirements of Section 16020(a). Instead, the statutory text requires only that U-Haul be able to
7    establish *its own* financial responsibility for its vehicles, and Eberhardt has not alleged any facts
8    suggesting that U-Haul was unable to establish financial responsibility for the truck that Leso
9    drove.

Nor can the Court conclude that Section 16020(a) implicitly imposes such legal obligations on U-Haul. The California Legislature has specifically considered the issue of rental car companies' duty to ensure drivers' compliance with motor vehicle laws but has not imposed any requirements regarding drivers' insurance. California Vehicle Code § 14608(a) provides that "a person shall not rent a motor vehicle to another person unless … (1) the person to whom the vehicle is rented is licensed … [and] (2) [t]he person renting to another person has inspected the driver's license of the person to whom the vehicle is to be rented and compared either the signature thereon with that of the person to whom the vehicle is to be rented or the photograph thereon with the person to whom the vehicle is to be rented." Given that the California Legislature has considered the kind of transactions at issue here and determined that rental companies must undertake inquiries only with respect to driver's licenses, Section 16020(a) cannot be construed to impose additional requirements relating to drivers' financial responsibility.

Because Eberhardt fails to plead that U-Haul violated Section 16020(a), he has failed to state a claim for relief under the unlawful prong of the UCL.

**B.     Eberhardt fails to plead an "unfair" practice.**

Under the "unfair" prong of the UCL, "a practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech*, 20 Cal. 4th at 180. "The UCL does not define the term 'unfair'" and its definition "is currently in flux among California courts." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (cleaned up). There are currently

4

three different tests of unfairness that California courts apply:

> (1) whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law; (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer.

*Does v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020) (cleaned up).

Relying on the first test, Eberhardt contends that even if U-Haul's conduct is not unlawful under Section 16020(a), it is unfair because it undermines that statutory provision. But just as this Court cannot construe Section 16020(a) to require that U-Haul make inquiries into renters' financial responsibility, it cannot apply the UCL's "unfair" prong to impose such an obligation. Doing so would permit Eberhardt to "plead around" the specific choices made by the California Legislature in adopting Vehicle Code § 14608(a).

Eberhardt's unfairness challenge to U-Haul's purported advertising to uninsured drivers fails for a different reason. Eberhardt may be correct that encouraging drivers to violate Section 16020(a) by "advertising, promoting, and marketing" vehicles to uninsured drivers would constitute an "unfair" business practice. Section 16020(a) reflects the California Legislature's policy to prohibit people without insurance from driving, and advertising rental vehicles to such drivers could undermine that policy while providing an unfair advantage to the advertiser.

Eberhardt's complaint, however, lacks factual allegations sufficient to state such a claim. The only allegation in the complaint relevant to such a theory is that U-Haul states that it "does not require insurance" on its website's Frequently Asked Questions page. Without more, this type of factual statement—which accurately reports U-Haul's legal obligations under Vehicle Code § 14608(a)—does not constitute the kind of advertising, promoting, or marketing that might implicate the UCL's unfairness prong or show that U-Haul actively encouraged anyone to violate Section 16020(a).

**II.  Eberhardt fails to state a claim for negligence.**

The elements of negligence under California law are "defendant's obligation to conform to

5

a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (cleaned up). "A duty of care exists when one person has a legal obligation to prevent harm to another person, such that breach of that obligation can give rise to liability." *Issakhani v. Shadow Glen Homeowners Ass'n., Inc*., 63 Cal. App. 5th 917, 924 (2021). To determine whether a duty of care exists, "courts can look to the public policy (1) found in the common law … and (2) embodied in statutes, regulations, and the like." *Id.* at 924.

Eberhardt claims a statutory basis for U-Haul's duty of care based on its alleged violation of Section 16020(a). As discussed above, however, Eberhardt has not pleaded facts suggesting that U-Haul violated Section 16020(a). Nor can Eberhardt establish that Section 16020(a) imposes a tort duty on rental companies to ensure that the drivers of their vehicles are insured. The statute expressly requires owners and drivers of motor vehicles to be able to establish their own financial responsibility and is silent as to any additional obligation that owners of motor vehicles might have as to other persons. When the Legislature *did* consider rental car companies' obligations with respect to the drivers of their vehicles in Section 14608(a), it chose not to require those companies to make inquiries into the drivers' financial responsibility. Given that choice, the Court cannot construe Section 16020(a) to support the imposition of any duty of care owed by U-Haul to Eberhardt with respect to Leso's financial responsibility.

## CONCLUSION

For the foregoing reasons, the Court grants U-Haul's motion to dismiss. Eberhardt may file an amended complaint with 21 days of this order.

**IT IS SO ORDERED.**

Dated: December 20, 2024

P. Casey Pitts
United States District Judge