**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274
　E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB# 232387
　E-Mail: abluth@singletonschreiber.com
TYSON GAMBLE, SB# 266677
　E-Mail: tgamble@singletonschreiber.com
JOHN R. TERNIEDEN, SB# 330343
　E-Mail: jternieden@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EBERHARDT, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC., A SUBSIDIARY OF U-HAUL HOLDING COMPANY; and DOES 1 through 100,<br><br>　　　　Defendants. | No. 5:24-cv-03183-PCP<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Chris Eberhardt, by and through his undersigned counsel, on his own behalf and on behalf of all other persons similarly situated (citizens of California only) (collectively, "Plaintiffs"), sue U-Haul International, Inc ("U-Haul") and Does 1 through 100 ("Doe Defendants") (U-Haul and Doe Defendants are collectively referred to herein as the "Defendants") and for this Complaint, allege upon information and belief, and based on the investigation to date of their counsel, as follows:

# INTRODUCTION

1. This is a class action brought for the benefit and protection of Plaintiff, and all other similarly situated consumers who are citizens of California and who have been damaged by Defendants' calculated conduct to encourage uninsured motorists to rent and drive U-Haul vehicles and tow U-Haul trailers.

2. By way of this action, Plaintiff, and all others similarly situated, seek damages, restitution, injunctive relief, public injunctive relief, and other relief necessitated by Defendants' unfair actions in violation of California Business and Professions Code section 17200. Plaintiff on behalf of himself and all others similarly situated seek an order permanently enjoining Defendants from engaging in these ongoing unlawful and unfair practices, restitution, and other relief available under California law.

3. Defendants rent thousands of vehicles and trailers to California drivers everyday. Surprisingly, Defendants do not require that anyone renting or operating a U-Haul truck or trailer show proof of vehicular insurance, nor do Defendants automatically provide insurance coverage for anyone operating one of Defendants' vehicles or trailers. In fact, even more surprisingly, Defendants actively advertise and market the fact that U-Haul will rent its vehicles and trailers to uninsured motorists, thereby intentionally encouraging uninsured motorists to do business with U-Haul. Defendants obviously have a significant incentive not to request or require a showing of insurance from their customers—and to advertise that policy to the driving public—because that policy substantially helps their business model and attracts a bigger customer base to Defendants, substantially increasing their earnings.

4. By choosing to encourage uninsured motorists to drive and tow U-Haul vehicles and trailers on California's highways, in order to boost their bottom line, Defendants know that some of these uninsured motorists will cause accidents and thereby inflict significant damages—in the form of property damage, bodily damage, and even death—that their uninsured customers will be unable to cover. Defendants,

however, are willing to systematically engage in unfair business practices, inflicting harm on unsuspecting Californians.

5. Plaintiff, who owns real property at 105 Rancho Rio Ave., in Ben Lomond, Santa Cruz County, California, is just one of the thousands of unsuspecting Californians that has suffered injury to property as a result of Defendants' calculated misconduct. On or about March 23, 2023, Plaintiff suffered substantial damage to his property when an individual, Anthony Leso, driving a U-Haul truck lost control of the vehicle and crashed into Plaintiff's property. Damage to Plaintiff's property including damage to his fencing, a gazebo located on his real property, and exterior and interior damage to the walls of his home when the U-Haul truck crashed into them.

6. Upon information and belief, the amount of damage to Plaintiff's property was about $100,000.00

7. Upon information and belief, Anthony Leso, the driver of the U-Haul truck, was uninsured at the time he was operating the U-Haul truck.

8. Defendants' conduct is unlawful, including among other reasons, because the business is earning profits knowingly at the risk and expense of California drivers and/or property owners who Defendants know will be harmed by Defendants' policy. Defendants generate revenue by touting that no one needs to be insured in order to rent its equipment/vehicles. Defendants then turn a blind-eye to the damage caused by those renters and the people and entities damaged have no recourse to insurance.

9. Defendants' unfair conduct is an important component of Defendants' business strategy and practices. But said conduct is clearly prohibited by California law, thereby subjecting Defendants to significant penalties, as described herein.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims and causes of action asserted herein

because Plaintiff and Defendant are citizens of different states, and the amount in controversy is greater than $75,000. Additionally, this case was originally filed in California State Court, but was removed to this Court on the basis of 28 U.S.C. §§ 1332(a), 1332(d)(6), 1441, 1446, and 1453.

11. Venue is proper in this Court because: Defendants transact business in California and in the Northern District of California based on Defendants having customers driving in and through this District; Defendants have committed unlawful acts in the District by and through the violations of California Insurance law and its associated business transactions within the District; and a substantial part of the events giving rise to the claims alleged herein occurred in this District, where the Plaintiff resides.

## THE PARTIES

12. At all relevant times, Plaintiff Chris Eberhardt was and has been a citizen of the State of California and a resident of San Cruz County. Eberhardt is an individual who was damaged by an uninsured individual who was renting and operating Defendants' equipment within the applicable limitations period in the Northern District of California, Santa Cruz County in the State of California.

13. Defendants are comprised of affiliated corporate entities, each of which conducts business in the state of California with California citizens. These entities, individually or collectively, through an integrated corporate structure (the details of which Plaintiffs are presently unaware), develop, market, and sell a wide variety of goods or services. Defendants operate in California.

14. The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of the Doe Defendants, inclusive, and each of them, are unknown to Plaintiff at this time, who therefore sues said Doe Defendants by such fictitious names. Plaintiff is informed and believe, and thereon allege, that each defendant designated herein as a Doe Defendant caused injuries and damages proximately thereby to Plaintiff as hereafter alleged, and that each Doe

Defendant is liable to Plaintiff for the acts and omissions alleged herein below, and the resulting injuries to Plaintiff, and damages sustained by Plaintiff.  Plaintiff will amend this Complaint to allege the true names and capacities of said Doe Defendants when that same is ascertained.

## FACTS COMMON TO ALL CLASS MEMBERS

15.  At all relevant times, Defendants were and currently are in the business of advertising, promoting, and marketing their rental equipment and vehicles to uninsured individuals, as well as insured individuals.

16.  Defendants are well aware that some of their customer base is uninsured and does not attempt to ask for or require insurance prior to renting to this customer base, well aware that if it does, then its current customers and/or prospective customers may shift to a competitor, ultimately resulting in loss of business and loss of revenue.

17.  Thus, in order to maintain a customer base and profits – and at the expense of California drivers and property owners – Defendants have engaged in the unfair business practice of not only failing to require insurance before a person rents or drives its vehicles and equipment, but actively advertising that customers may rent or lease from their fleet even if those customers are uninsured motorists, thus encouraging potential customers to drive and/or tow their equipment without adequate – or any – automotive insurance.

18.  In doing so, Defendants have and continue to engage in unfair conduct that is contrary to public policy and in violation of California Business and Professions Code section 17200.

19.  The Plaintiff specifically identified herein, and thousands more similarly situated persons in the State of California, have been damaged by uninsured motorists who struck their personal or real property and have never found a way to be compensated as no insurance was available to give them recourse.

# CLASS ACTION ALLEGATIONS

20. Pursuant to California Code of Civil Procedure section 382, Plaintiffs bring this class action on their own behalf and on behalf of all other similarly situated consumers in California. The proposed class is defined as follows:

    a. With respect to Count I below, during the fullest period allowed by law, all persons who are citizens of California who were damaged by an uninsured individual driving or otherwise utilizing Defendants' vehicles and/or equipment ("Class").

21. Like Plaintiff, all Class members are California citizens who were subject to damage to either their person, their real property, and/or their personal property.

22. Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity; Defendants; and Defendants' subsidiaries, affiliates, officers, and directors.

23. The requirements of Code of Civil Procedure section 382 are satisfied for the proposed Class.

24. The proposed Class is so numerous that individual joinder of all the members is impracticable because members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but are objectively ascertainable and will be determined through appropriate discovery and other readily available means.

25. Defendants possess objective evidence as to the identity of each Class member and, to a reasonable degree of certainty, the harm suffered by each Class member, including without limitation crash reports, damage estimates and claims, hospital records, and other evidence which objectively identifies class members.

26. Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants.

27. There are common questions of law and fact affecting Plaintiff and Class members. Common legal and factual questions include, but are not limited to:

    a. Whether by the misconduct set forth in this Complaint, Defendants engaged and continue to engage in unfair, fraudulent, or unlawful business practices;

    b. Whether the Class is entitled to recover statutory attorney's fees;

    c. Whether Class members are entitled to civil penalties; and

    d. Whether, as a result of Defendants' misconduct alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, public injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

28. Plaintiff's claims are typical of the claims of the proposed Class because the rights of Plaintiff and Class members were violated in the same manner by the same conduct.

29. Plaintiff and Class members are all entitled to recover statutory penalties and other relief arising out of Defendants' violations of statutory law alleged herein.

30. Plaintiff will fairly and adequately represent and protect the interests of the Class.

31. Plaintiff's interests do not conflict with the interests of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in prosecuting class actions, and Plaintiff intends to vigorously prosecute this action.

32. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.

33. Given the relative value of statutory penalties available to any of the individual Class members, individual litigation is not practicable.

34. Individual Class members will not wish to undertake the burden and expense of individual cases.

35. In addition, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. Individualized ligation also presents the potential for inconsistent or contradictory judgments.

36. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members. Injuries sustained by Plaintiff and Class members flow, in each instance, from a common nucleus of operative facts as set forth above.

38. In each case, Defendants' actions caused harm to all Class members as a result of such conduct. The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

39. Proposed Class counsel possesses the knowledge, experience, reputation, ability, skill, and resources to represent the Class and should be appointed lead counsel for the Class.

## COUNT I—VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

40. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39 of his Complaint. Plaintiff asserts this cause of action on behalf of himself and all other similarly situated within the Class.

41. By engaging in the above-described conduct, Defendants, and each of them, acted in a manner that is unfair and have thus engaged in unfair business practices to the extreme detriment of Plaintiff and Class members, which conduct is prohibited under California Business & Professions Code sections 17200, et seq.

42. Defendants actively advertise, promote, and market the fact that their customers do not need to have insurance in order to rent or operate Defendants' vehicles, thus encouraging potential customers to drive and/or tow their equipment without adequate – or any – automotive insurance. See for examples, the following sections of Defendants' own website.[1]

> **What is the difference between Safemove Plus® and Safemove®?**
>
> **Do I need to provide proof of insurance if I decline Safemove® for pickup and van rentals?**
>
> Yes. If you decline the optional Safemove® coverage, you will be asked for proof of coverage. If you cannot provide proof of insurance, you can still reimburse U-Haul for any damage caused during your rental when you return it.

> **Did You Know?**
>
> - Many personal auto policies exclude coverage for different types of rental vehicles.
> - **No proof of insurance needed to rent our equipment.**
> - All protection packages cover loss of use of the rental equipment.
>
> **Frequently Asked Questions**

43. This "Did You Know" section is targeted at proactively encouraging customers that do not have insurance to rent and subsequently drive and/or tow Defendants' equipment. It thus actively encourages customers to violate Section 13020(a).

44. Defendants' unfair conduct is deeply problematic in at least two separate ways. It actively and unfairly encourages their customer base to violate California Vehicle Code Section 16020(a).[2] Furthermore, Defendants' unfair conduct has

---

[1] The following screenshots are taken directly from Defendants own website, at https://www.uhaul.com/DamageCoverage/ and https://www.uhaul.com/FrequentlyAskedQuestions/Damage-Coverage/ respectively.

[2] California Vehicle Code Section 16020(a) reads as follows: "All drivers and all owners of a motor vehicle shall at all times be able to establish financial responsibility pursuant to Section 16021, and shall at all times carry in the vehicle evidence of the form of financial responsibility in

allowed for Defendants to enrich themselves (through rental fees earned as a result of their misdeeds) at the expense of Plaintiff and Class members, who have been injured by uninsured motorists driving or towing Defendants' vehicles and/or equipment and who are left with no recourse for the harm (or less than full recourse) because of the lack of insurance.

45. Plaintiff is thus entitled to restitutionary and injunctive relief, including without limitation disgorgement of any unlawful gains that Defendants obtained as a result of their unfair conduct at the expense of Plaintiff and Class members.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the putative Class members, pray for judgment as follows:

a. Determining that this action is a proper class action and certifying the Class, as defined herein;

b. Appointing Plaintiff as Class and representative;

c. Appointing the undersigned as Class counsel;

d. Finding Defendants liable to Plaintiff and Class members for damages in such amount(s) as the Court or Jury may determine;

e. Awarding statutorily provided damages to Plaintiff and Class members as appropriate;

f. Awarding restitutionary disgorgement and all other forms of equitable monetary relief to Plaintiff and Class members;

h. Awarding pre- and post-judgment interest;

i. Awarding injunctive relief, including public injunctive relief, as claimed herein or as the Court may deem proper;

j. Awarding Plaintiff and Class members attorney fees and all litigation costs as allowed by law; and

---

effect for the vehicle.

k. Awarding such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 8, 2025                    SINGLETON SCHREIBER, LLP

By: */s/ Christopher R. Rodriguez*
Christopher R. Rodriguez
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, Christopher R. Rodriguez, hereby certify that on January 8, 2025, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Christopher R. Rodriguez*
Christopher R. Rodriguez