UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EBERHARDT,<br><br>  Plaintiff,<br><br>  v.<br><br>U-HAUL INTERNATIONAL, INC,<br><br>  Defendant. | Case No. 5:24-cv-03183-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 33 |

Plaintiff Chris Eberhardt brings this putative class action against U-Haul alleging that U-Haul violated California's Unfair Competition Law (UCL) by encouraging uninsured drivers to rent its vehicles. U-Haul moves to dismiss Eberhardt's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants U-Haul's motion.

**BACKGROUND**

On March 23, 2023, Anthony Leso lost control of the rented U-Haul truck that he was driving and crashed into Eberhardt's property in Santa Cruz County, California.[1] Eberhardt suffered approximately $100,000 in property damage to his fence and gazebo and to the walls of his home. Leso was allegedly uninsured when he crashed the truck into Eberhardt's property.

Eberhardt alleges that U-Haul does not require renters or operators of its vehicles to show proof of insurance, nor does it automatically provide insurance. Further, Eberhardt alleges that U-Haul actively advertises that it does not require insurance.

On April 23, 2024, Eberhardt commenced this action in Santa Cruz Superior Court. He brought suit on behalf of a purported class of all California citizens damaged by uninsured drivers of U-Haul vehicles. Eberhardt asserted two causes of action: (1) unfair competition in violation of

---

[1] For the purposes of U-Haul's Rule 12(b)(6) motion, the Court assumes the truth of the allegations in Eberhardt's complaint.

California's Unfair Competition Law (UCL) and (2) negligence.

U-Haul removed the action to federal court on May 28, 2024. On December 20, 2024, the Court granted U-Haul's motion to dismiss Eberhardt's complaint pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Eberhardt then filed an amended complaint asserting one cause of action for violation of the UCL.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## ANALYSIS

California Business and Professions Code section 17200 prohibits unfair competition, which "include[s] any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Pros. Code § 17200. Under the "unfair" prong of the UCL, "a practice may be deemed unfair even if not

specifically proscribed by some other law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "The UCL does not define the term 'unfair'" and its definition "is currently in flux among California courts." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (cleaned up). There are currently three different tests of unfairness that California courts apply:

> (1) whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law; (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer.

*Does v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020) (cleaned up).

Eberhardt alleges that U-Haul engages in an "unfair" practice prohibited by the UCL by advertising to uninsured drivers. According to Eberhardt, this practice encourages drivers to violate California Vehicle Code section 16020(a), which provides that "[a]ll drivers and all owners of a motor vehicle shall at all times be able to establish financial responsibility pursuant to Section 16021, and shall at all times carry in the vehicle evidence of the form of financial responsibility in effect for the vehicle."

In its order granting U-Haul's previous motion to dismiss, the Court explained that targeting rental vehicle advertising to people without insurance could undermine the California Legislature's policy of prohibiting such individuals from driving, as reflected in Section 16020(a). But the Court held that Eberhardt had failed to allege facts showing that U-Haul engaged in such advertising. The complaint's only relevant allegation was that U-Haul states on its website's Frequently Asked Questions page that it "does not require insurance." The Court concluded that this type of factual statement, without more, does not constitute the kind of advertising, promoting, or marketing that might implicate the UCL's unfairness prong or show that U-Haul actively encouraged anyone to violate Section 16020(a).

In the amended complaint, Eberhardt alleges that on a page of U-Haul's website promoting its own insurance product, under the heading "Did You Know?", U-Haul states, "No proof of

1 insurance needed to rent our equipment." Additionally, on the Damage Coverage Frequently
2 Asked Questions page, U-Haul states, "If you cannot provide proof of insurance, you can still
3 reimburse U-Haul for any damage caused during your rental when you return it."

4     Eberhardt asserts that these statements are "targeted at proactively encouraging customers
5 that do not have insurance to rent and subsequently drive and/or tow Defendants' equipment," thus
6 "actively encourag[ing] customers to violate Section 13020(a)." This characterization is
7 inaccurate. Like the statement on the Frequently Asked Questions page that the Court previously
8 found insufficient to support a UCL claim, the additional statements described in the amended
9 complaint are merely factual. They do not proactively encourage customers to take any action but
10 simply provide factual information about U-Haul's products on webpages devoted to promoting
11 U-Haul's own insurance product and answering customer questions. Indeed, that one of these
12 statements is found on a page encouraging customers otherwise lacking insurance to purchase
13 insurance directly from U-Haul could be understood as proactively encouraging compliance with
14 Section 13020(a).

15     The amended complaint thus again fails to allege facts sufficient to state a violation of the
16 UCL.

## CONCLUSION

18     For the foregoing reasons, the Court grants U-Haul's motion to dismiss. Because the Court
19 previously gave Eberhardt the opportunity to amend his complaint and he was unable to cure its
20 deficiencies, the dismissal is with prejudice and without leave to amend.

21     **IT IS SO ORDERED.**

22 Dated: May 5, 2025

_____
P. Casey Pitts
United States District Judge

4